| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br><br>Maureen P. Steady, Esquire (MS-6186)<br>**KURTZMAN \| STEADY, LLC**<br>2 Kings Highway West, Suite 102<br>Haddonfield, NJ  08033<br>steady@kurtzmansteady.com<br>Telephone: (856) 428-1060<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession | |
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EASTERN LIFT TRUCK CO, INC.,<br><br>　　　　　　　　　Defendant. | ADVERSARY NO.<br><br><br><br>**COMPLAINT** |

Aluminum Shapes, L.L.C. (the "Debtor" or the "Plaintiff"), by and through its counsel, Kurtzman | Steady, LLC, brings this adversary proceeding complaint against the Defendant and Creditor, Eastern Lift Truck Co, Inc. ("Eastern" or the "Defendant" or the "Creditor"), and states as follows:

**PRELIMINARY STATEMENT**

1.　　This adversary proceeding is commenced by the Debtor, pursuant to §§ 502, 506,

544, and 547 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), and Rule 7001(2) and (8) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. This adversary proceeding arises from Eastern's failure to properly levy upon a judgment it obtained in the Superior Court of New Jersey, Camden County.

3. Eastern's failure to properly levy renders the Lien created by that judgment avoidable pursuant to sections 502, 506, 544, and 547 of the Bankruptcy Code.

4. Accordingly, the Debtor requests avoidance of the Lien, a determination that Eastern's claim is unsecured, and related relief.

## I.    PARTIES

5. The Debtor, Aluminum Shapes, L.L.C., is a limited liability company doing business in New Jersey, with an address at 9000 River Road, Delair, New Jersey 08110.

6. Upon information and belief, Eastern is a New Jersey corporation with an address at 549 East Linwood Avenue, Maple Shade, New Jersey 08052.

## II.    JURISDICTION AND VENUE

7. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and (e). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F), (H), (O), and (K).

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Sections 502, 506, 544 and 547 of the Bankruptcy Code.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

10. This adversary proceeding is initiated under Bankruptcy Rule 7001(2) and (8) for avoidance and recovery, determination of secured status, bifurcation, and related relief pursuant to

sections 502, 506, 544 and 547 of the Bankruptcy Code.

11. The Debtor consents to the entry of a final order by this Court in the event that, absent such consent, this Court does not possess the authority to enter a final order pursuant to Article III of the Constitution.

### III. BACKGROUND

#### The Debtor's Business and Bankruptcy

12. The Debtor is an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, *inter alia*, the swimming pool, trucking, trailer, and outdoor storage industries (the "Business"). See First Day Declaration of Jordan Meyers if Support of First Day Motions. (Bkr. DI #17).

13. The Debtor owns and operates a single location at 9000 River Road, Delair, New Jersey, consisting of approximately 500,000 square feet of industrial space, including a cast house, foundry, and processing area (the "Real Property"). Id.

14. The Debtor also owns machinery, fixtures, and equipment, including a valuable cast house and foundry furnace, several presses, and processing equipment. Id.

15. On June 18, 2021, the Debtor engaged Cowen and Company, LLC ("Cowen") as investment banker to explore a sale of the Debtor's Business or Assets.

16. Based on market feedback, the Debtor, in consultation with its advisors, determined that continued operation of Debtor's business was not viable or achievable under the current financial circumstances, and the Debtor decided to sell the Debtor's business or assets (the "Assets").

17. On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the District of New Jersey, Camden Vicinage

(the "Bankruptcy Court").

18. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor is the Plaintiff in the instant adversary proceeding.

19. No request has been made for the appointment of a trustee or examiner.

20. An Official Committee of Unsecured Creditors has been appointed in this case.

21. The Debtor has employed professionals to market and sell the Assets pursuant to a motion to sell, which sale will establish the fair market value of the Assets and the allocation of that value between specific Assets.

22. The Debtor's Assets will be sold pursuant to the outcome of an auction conducted on or about November 10, 2021.

23. As of the Petition Date, the Debtor had outstanding secured debt obligations in the aggregate principal amount of no less than $9,270,525.89 (the "Prepetition Secured Debt") to its pre-petition secured lender, Tiger Finance, LLC ("Tiger"), pursuant to that Certain Credit Agreement between Tiger and the Debtor dated June 5, 2019 (as subsequently amended[1]), and term notes issued thereunder. The Prepetition Secured Debt was secured by a first priority lien on all of the Debtor's Assets.

24. On September 29, 2021, the Court entered a Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, and 507 and Fed. R. Bankr. P. 2002, 4001, 6003, 6004 and 9014 (I) Authorizing Debtor to Obtain Post-Petition Financing, (II) Granting Liens and Superpriority Claims, (III) Authorizing Use of Cash Collateral, and (IV) Modifying the Automatic Stay (the "Final DIP Order"). (Bkr. DI #116). Pursuant to the Final DIP Order, the Debtor was authorized

---

[1] The Credit Agreement was most recently amended by a Seventh Forbearance Agreement and Seventh Amendment to Credit Agreement, dated July 27, 2021.

to borrow up to $15,500,000 in debtor-in-possession financing (the "DIP Facility") from Tiger, including a roll-up of the Prepetition Secured Debt, pursuant to the term of a Senior Secured Super-Priority Debtor-in-Possession Credit Agreement between Tiger and the Debtor, dated August 15, 2021. As security for the DIP Facility, the Final DIP Order provided Tiger with superpriority claims secured by priming, first priority liens on all of the Debtor's Assets that are "senior and superior in priority to all other secured and unsecured creditors of the Debtor's estate." Final DIP Order at ¶ 6.

25. The instant proceeding is intended to *inter alia* recover transfers to Eastern, determine secured status of Eastern's claims, bifurcate claims, and determine the allowance of Eastern's claims, if any.

## The Creditor's Claims

26. Upon information and belief, Eastern is a comprehensive provider of various material handling and storage products, including forklifts and related parts.

27. Prior to the Petition Date, Eastern sold products to the Debtor for use in the Debtor's business.

28. On September 1, 2020, Eastern initiated a collections action in the Superior Court of New Jersey, Burlington County Docket Number L-001685-20, for all sums alleged to be due owing on the underlying debt (the "Pre-Petition Action").

29. On October 19, 2020, a judgment was entered in the Pre-Petition Action in favor of Eastern and against the Debtor in the amount of $72,832.61 (the "Judgment").

30. Pursuant to New Jersey law, the Judgment automatically became a lien against all real property in the State of New Jersey currently owned or thereafter acquired by the Debtor (the "Lien" and together with the Judgment, the "Claim").

31. On December 7, 2020, Eastern requested the issuance of a writ of execution based upon the Judgment (the "Writ"). A true and correct copy of the docket for the Pre-Petition Action is attached as **Exhibit "A"** hereto.

32. On December 17, 2020, the court issued the Writ.

33. On three (3) separate occasions, between June 1, 2021, and July 7, 2021, the sheriff of Camden County, New Jersey, served the Writ on the Debtor, levying upon the Lien as to the Debtor's "business assets and property" only (the "Levy"). A true and correct copy of the Levy is attached as **Exhibit "B"** hereto.

34. Eastern failed to levy or otherwise execute on the Debtor's Real Property.

35. On September 13, 2021, Eastern filed a proof of claim against the Debtor's Bankruptcy estate, alleging a $75,239.12 debt secured only by the Debtor's Real Property (the "POC"). (POC #25).

## FIRST COUNT

## AVOIDANCE OF THE LIEN UNDER 11 U.S.C. §544

36. The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

37. Pursuant to 11 U.S.C. §544(a) the Debtor, as debtor in possession, stands in the shoes of a hypothetical ideal creditor who obtains an execution against the Debtor that is returned unsatisfied on the Petition Date.

38. Under New Jersey law, a creditor holding an unexecuted levy occupies a lower priority on real property than a creditor who has already executed upon its lien, even if such execution remains unsatisfied.

39. Although real property is subject to execution and levy, neither execution nor levy are automatic upon the entry of a judgment, and require additional affirmative acts for any lien to become perfected. N.J.S.A. § 2A:17-17.

40. A writ of execution is not binding until it is delivered to the sheriff of the appropriate county. See N.J.S.A. § 2A:17-10.

41. Eastern has failed to execute levy upon the Debtor's Real Property.

42. As a result of Eastern's failure to levy upon the Debtor's Real Property, the Lien is lesser in priority to creditors with superior priority interest in the Debtor's Real Property, including creditors that have executed against the Real Property as of the Petition Date, even if unsatisfied.

43. Pursuant to sections 544(a)(1), (2), and (3) of the Bankruptcy Code, the Debtor is vested with the power of an unsatisfied judgment holder that has executed upon the Judgment and the Lien and levied upon the Real Property; and therefore, may avoid the Lien against the Debtor's Real Property.

44. The Lien against the Debtor's real property is an unperfected secured claim, and therefore, is avoidable.

**WHEREFORE**, the Debtor respectfully requests this Court enter judgment in its favor and against Eastern avoiding the Lien against the Debtor's Real Property pursuant to section 544(a) of the Bankruptcy Code and providing such other, and further relief as the Court deems just and equitable.

## SECOND COUNT

## AVOIDANCE OF THE LEVY UNDER 11 U.S.C. § 547

45. The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

46. The Levy occurred within ninety (90) days of the Petition Date, as the Levy was issued against the Debtor's "business assets and property" three (3) times between June 1, 2021, and July 7, 2021 – at most seventy-five (75) days prior to the Petition Date.

47. The Levy was made on account of an antecedent debt.

48. The Debtor was insolvent at the time of the Levy, as it was not paying its debts as they came due and is presumed to have been insolvent on and during the ninety (90) days immediately preceding the Petition Date pursuant to section 547(f) of the Bankruptcy Code.

49. To the extent Eastern secured the Lien against the Debtor's "business assets and property," its position within the preference period renders the Lien against the Debtor's "business assets and property" avoidable.

50. The Levy enabled Eastern to obtain more than it would have: (i) in a hypothetical chapter 7 liquidation on the Petition Date; (ii) had the Levy not been made; and (iii) if it received payment as otherwise provided under the Bankruptcy Code.

51. Based on the Debtor's reasonable due diligence, taking into account Eastern's known or reasonably knowable affirmative defenses under section 547(c) of the Bankruptcy Code, the Levy is avoidable as a preference under Section 547(b) of the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests this Court enter judgment in its favor and against Eastern, avoiding the Levy pursuant to section 547(b) of the Bankruptcy Code and providing such other and further relief as the court deems just and equitable.

## THIRD COUNT

## DISALLOWANCE OF PROOF OF CLAIM UNDER 11 U.S.C. §502(d)

52. The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

53. The Court "shall disallow any claim of any entity… that is a transferee of a transfer avoidable under [sections 544 and 547 of Bankruptcy Code]…" 11 U.S.C §502(d).

54. Eastern filed the POC in the Debtor's chapter 11 case based upon the Claim.

55. Eastern is the recipient of an avoidable transfer: the Judgment and the Lien are avoidable pursuant to section 544(a) and/or section 547(b) of the Bankruptcy Code.

56. The POC must be disallowed under section 502(d), as Eastern has not returned the avoidable transfer.

**WHEREFORE**, the Debtor respectfully requests that the Court enter a judgment in its favor and against Eastern, disallowing the POC pursuant to section 502(d) of the Bankruptcy Code and providing such further relief as is just and equitable.

## FOURTH COUNT

## DETERMINATION OF SECURED CLAIM AND BIFURCATION OF CLAIM UNDER 11 U.S.C. §506(a)(1)

57. The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

58. Pursuant to section 506(a) of the Bankruptcy Code, "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as

the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C §506(a)(1).

59. The Claim and Lien are subordinate to the superpriority claims and first priority liens in the Debtor's Assets held by Tiger.

60. The Claim must be bifurcated into a secured claim in the amount of the value of that Debtor's Assets subject to the Lien after accounting for the value of Tiger's first priority liens and any other superior liens in the Debtor's Assets, and an unsecured claim for the remainder.

**WHEREFORE**, the Debtor respectfully requests that the Court enter a judgment in its favor and against Eastern, bifurcating the Claim into secured and unsecured portions pursuant to section 506(a) of the Bankruptcy Code, and providing such further relief as is just and equitable.

## FIFTH COUNT

## LIEN STRIP OF UNSECURED CLAIM UNDER 11 U.S.C. §506(d)

61. The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

62. Pursuant to section 506(d)(1) of the Bankruptcy Code, "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." 11 U.S.C § 506(d)(1).

63. To the extent the Claim is determined to be unsecured, this Court must enter a judgment voiding the Lien.

**WHEREFORE**, the Debtor respectfully requests that the Court enter a judgment in its favor and against Eastern, voiding the Lien to the extent the Lien exceeds the value of the allowed secured claim and providing such other relief as is just and equitable.

Dated: November 9, 2021                    **KURTZMAN | STEADY, LLC**

                                         By: */s/ Maureen P. Steady*
                                              Maureen P. Steady, Esquire
                                              2 Kings Highway West, Suite 102
                                              Haddonfield, NJ  08033
                                              Telephone: (856) 428-1060
                                              Facsimile:  (609) 482-8011
                                              Email:  steady@kurtzmansteady.com

                                         *Proposed Counsel to Chapter 11 Debtor*
                                         *Aluminum Shapes, L.L.C.*