

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* | |
| Maureen P. Steady, Esquire (MS-6186)<br>**KURTZMAN | STEADY, LLC**<br>2 Kings Highway West, Suite 102<br>Haddonfield, NJ 08033<br>steady@kurtzmansteady.com<br>Telephone: (856) 428-1060<br><br>Special Counsel to the Debtor<br>and Debtor in Possession | |
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>EASTERN LIFT TRUCK CO, INC.,<br>Defendant. | ADVERSARY NO. 21-1473 |

## STIPULATION OF SETTLEMENT

THIS STIPULATION OF SETTLEMENT AND MUTUAL RELEASE (the "Stipulation") is entered into on this 12th day of January 2022 (the "Effective Date") by and between Eastern Lift Truck Co., Inc. ("Eastern Lift") and Aluminum Shapes, L.L.C. ("the Debtor").

## BACKGROUND

1. The Debtor is an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, *inter alia*, the swimming pool, trucking, trailer, and outdoor storage industries.

2. Eastern Lift is a comprehensive provider of various material handling and storage products, including forklifts and related parts.

3. Prior to the Petition Date, Eastern Lift sold products to the Debtor for use in the Debtor's business.

4. On September 1, 2020, Eastern Lift initiated a collections action in the Superior Court of New Jersey, Burlington County Docket Number L-001685-20, for all sums alleged to be due owing on the underlying debt (the "Pre-Petition Action").

5. On October 19, 2020, a judgment was entered in the Pre-Petition Action in favor of Eastern and against the Debtor in the amount of $72,832.61 (the "Judgment").

6. Eastern Lift docketed the Judgment on November 10, 2020, at Judgment Number J-099950-20.

7. Pursuant to New Jersey law, upon docketing, the Judgment automatically became a lien against all real property in the State of New Jersey currently owned or thereafter acquired by the Debtor (the "Lien" and together with the Judgment, the "Claim").

8. On August 15, 2021, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the District of New Jersey, Camden Vicinage, Case No. 21-16520-JNP.

9. The Debtor remains a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. On September 13, 2021, Eastern Lift filed a proof of claim against the Debtor's Bankruptcy estate, alleging a $75,239.12 debt secured only by the Debtor's Real Property (the "POC"). (POC #25).

11. There is a dispute between Eastern Lift and the Debtor as to classification of the Claim as a secured claim in the POC.

12. On November 9, 2021, the Debtor initiated the within adversary proceeding against Eastern Lift seeking, *inter alia*, to avoid the Lien, disallow the POC and reclassify the Claim from a secured claim to a general unsecured claim.

13. In an effort to resolve this matter without the need for further litigation, Eastern Lift and the Debtor desire to enter into this Stipulation.

**NOW THEREFORE**, for good and valuable consideration and intending to be legally bound hereby, Eastern Lift and the Debtor agree as follows:

A. This settlement represents a compromise of disputed claims. It is not to be construed as an admission against interest or of liability on the part of the released parties. The parties intend merely to avoid litigation and buy their peace.

B. On or within three (3) business days of the execution and delivery of this Stipulation, the Debtor shall file a motion with the Bankruptcy Court for an order approving this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") and other applicable bankruptcy law (the "Settlement Motion"). This Stipulation shall be evidenced and implemented by this Stipulation of Settlement, the Settlement Motion, and the Final Order (defined below) approving this Stipulation. "Final Order" shall mean an order approving the Stipulation entered by the Bankruptcy Court that is unstayed and has become final

and non-appealable. The "Settlement Effective Date" is a date upon which the order approving this Stipulation becomes a Final Order.

C. Subject to Bankruptcy Court approval, which shall include a Final Order reclassifying the Claim from a secured claim to a general unsecured claim, and upon Eastern Lift filing an amended POC to conform to such order reclassifying the Claim from a secured claim to a general unsecured claim (the "Amended POC"), except as otherwise set forth below in Paragraph D, Eastern Lift and the Debtor hereby forever mutually release and discharge the other, and their corporate shareholders, officers, administrators, executors, servants, agents, employees, successors, assigns, attorneys and insurers, from any and all manner of actions, causes of action, suits, debts, accounts, contracts, agreements, controversies, judgments, damages, claims, liabilities and demands of any nature whatsoever which the other ever had, now has, or hereafter can, shall or may have for, upon or by reason of any act, transaction, practice, conduct, matter, cause or thing of any kind whatsoever that arose or occurred prior to the date hereof, whether or not now known, including but not limited to any action, cause of action, suit, debt, account, contract, agreement, controversy, judgment, damage, claim, liability and demand of any nature whatsoever asserted, arising out of, relating to or based upon, in whole or in part in connection with the Claim.

D. The Release set forth in Paragraph C above shall not apply to the Debtor's monetary obligation to Eastern Lift as a general unsecured creditor of the Debtor, and the Amended POC shall be paid by the Debtor in accordance with any confirmed plan of reorganization.

E. If the Court does not approve the Settlement Motion, this settlement agreement shall be null and void, and the parties shall retain all of their rights and remedies.

F.   This Stipulation may be executed in counterparts, each of which shall be an original and all of which when taken together shall constitute a single agreement with the same effect as if the signatures thereto and hereto were upon the same instrument;

G.   The parties declare, represent, and warrant (a) they have authority to enter into this Stipulation; (b) the undersigned are authorized to act on their behalf; (c) all legal requirements for their signatures have been satisfied; and (d) they have complete power and authority to release the claims released herein;

H.   This Stipulation shall inure to the benefit of, and shall be binding upon Eastern Lift and the Debtor and each of their respective stockholders, directors, officers, employees, assigns, successors, affiliates, successors, subsidiaries, controlling and controlled corporations, representatives, insurers, and successors in interest;

I.   This Stipulation was drafted mutually and cooperatively by the parties and shall be construed in such light;

J.   This Stipulation constitutes the entire agreement among the parties hereto with respect to the subject matter hereof.

**IN WITNESS WHEREOF** and intending to be legally bound hereby, the parties have hereunto set their hands and seals as of the Effective Date.

| | |
|---|---|
| **KURTZMAN \| STEADY, LLC** | **SALDUTTI LAW GROUP** |
| By: */s/ Maureen P. Steady* <br> Maureen P. Steady, Esquire <br> 2 Kings Highway West, Suite 102 <br> Haddonfield, NJ 08003 <br> Telephone: (856) 428-1060 | By: _____ <br> Rebecca K. McDowell, Esquire <br> 1040 North Kings Highway <br> Suite 100 <br> Cherry Hill, NJ 08002 <br> Telephone: (856) 429-1700 |
| Special Counsel for the Debtor and Debtor-in-Possession | Counsel for Eastern Lift Truck Co., Inc. |